**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

HOMMY ROSA,

       Plaintiff,

v.                      \\       Civil Action No. <u>5:22-cv-00403</u>

                                        Honorable _____

GREENBRIER COUNTY COMMITTEE
ON AGING, INC., JOHN DOE I, and
TIMOTHY OSBORNE,

       Defendants.

## <u>COMPLAINT</u>

       NOW COMES Plaintiff, Hommy Rosa, by and through counsel, and hereby states the following for his Complaint:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

       1.      Plaintiff Hommy Rosa [hereinafter "Plaintiff"], at all times relevant to this Complaint, was a resident of Covington, Alleghany County, Virginia.

       2.      Upon information and belief, Defendant Greenbrier County Committee on Aging, Inc., at all times relevant to this Complaint, was a West Virginia corporation whose principal office address is 284 Greenbrier Street, Rupert, Greenbrier County, West Virginia.

3.     Defendant Greenbrier County Committee on Aging, Inc. is a non-profit corporation registered with the West Virginia Secretary of State and conducts business in the State of West Virginia.

4.     Defendant Greenbrier County Committee on Aging, Inc. conducts business in the fields of health care and social assistance, ambulatory health care services, and home health care services, per the stated business purpose with the West Virginia Secretary of State.

5.     Defendant John Doe I is a currently unidentified person, company, partnership, corporation, limited liability company, and/or other entity which was, or may have been, the true employer and/or principal of Defendant Timothy Osborne at all times relevant to this Complaint and the incident described herein which serves as the basis of this action.

6.     The identity of Defendant John Doe I is unknown but will be identified through discovery and formally added as a party by amendment should same be warranted.

7.     Throughout the remainder of this Complaint, Defendant Greenbrier County Committee on Aging, Inc. and Defendant John Doe I shall collectively be referred to as "Defendant Committee on Aging."

8.     Upon information and belief, Defendant Timothy Osborne [hereinafter "Defendant Osborne"], at all times relevant to this Complaint, was a resident of the town of Rupert, Greenbrier County, West Virginia.

9.      The incident which gives rise to the damages suffered by the Plaintiff occurred in or near the town of Crawley, Greenbrier County, West Virginia.

10.      Venue is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1391, as the events giving rise to the Plaintiff's causes of action arose in Greenbrier County, West Virginia.

11.      Jurisdiction is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1332, as the parties to this action are citizens of different states and the amount in controversy exceeds the current jurisdictional minimum ($75,000.00).

## OPERATIVE FACTS

12.      On December 10, 2020, Plaintiff was driving eastbound on U.S. Route 60 (also known as "Midland Trail"), in Crawley, Greenbrier County, West Virginia.

13.      Plaintiff stopped, with his left turn signal on, to allow traffic to clear so that he could turn left into a residential area.

14.      The vehicle which Plaintiff was driving was being operated in a lawful manner at the time of the crash which gives rise to this Complaint.

15.       At the time and place of the incident described herein, Defendant Osborne was driving a van, also traveling eastbound on U.S. Route 60, behind Plaintiff.

16.      The van driven by Defendant Osborne was owned by Defendant Committee on Aging.

17.     As Defendant Osborne approached the stopped vehicle driven by Plaintiff, he negligently, carelessly, and recklessly crashed into the rear of the vehicle driven by Plaintiff.

18.     As a result of the collision between the vehicle driven by Defendant Osborne and the rear of the vehicle driven by Plaintiff, Plaintiff suffered severe and permanent injuries.

19.     Plaintiff is an innocent victim who in no way contributed to causing any collision or any injury to himself on December 10, 2020. There was nothing he could do to avoid or minimize the collision or any of the damages resulting therefrom.

20.     Plaintiff did nothing to contribute to his own severe and permanent injuries.

21.     At the time of the collision, Defendant Osborne was an agent and/or employee of Defendant Committee on Aging.

22.     At the time of the collision, Defendant Osborne was acting in the course and scope of his employment and/or agency with Defendant Committee on Aging and in the furtherance of the business of Defendant Committee on Aging.

23.     At the time of the collision, Defendant Osborne was operating a van which was owned, possessed, controlled, and/or leased by Defendant Committee on Aging.

24.     At the time of the collision, Defendant Osborne was operating a van which was insured by Defendant Committee on Aging.

25.     The collision was caused by the negligence, carelessness, and recklessness of Defendant Osborne and Defendant Committee on Aging.

26.     The collision was foreseeable to Defendant Osborne and Defendant Committee on Aging and could have been avoided had said Defendants acted in a safe and prudent manner as required by West Virginia law.

27.     As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff Hommy Rosa suffered serious and debilitating injuries and damages, including, but not limited to, personal injuries and economic damage, both general and specific.

## LIABILITY OF DEFENDANTS

### Count I – Negligence of Defendant Osborne

28.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

29.     Defendant Osborne had a duty to operate the vehicle in a safe and prudent manner in accordance with his training as a motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.

30.     This duty included keeping a proper lookout, paying attention, maintaining an assured clear distance between his vehicle and traffic traveling in front it, and operating his vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

31.     Defendant Osborne breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

(a)     Failing to keep a lookout for vehicles and traffic ahead;

(b)     Failing to manage his space;

(c)    Failing to drive at a safe and reasonable speed under the conditions;

(d)    Failing to drive defensively;

(e)    Operating a motor vehicle while distracted;

(f)    Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff Hommy Rosa in particular, in grave danger;

(g)    Failing to operate the van in a safe and prudent manner in view of the conditions that existed at the time of the crash;

(h)    Violating the West Virginia Rules of the Road including, but not limited to, W.Va. Code §17C-7-10 (following too closely); W.Va. Code § 17C-6-1 (driving at a speed greater than reasonable under given conditions and circumstances); and, W.Va. Code § 17C-5-3 (reckless driving); and,

(i)    Such other specifications of negligence and recklessness that shall be added by amendment or proven at trial.

32.    As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which he continues to suffer.

33.    Alone or in conjunction with the negligence and recklessness of Defendant Committee on Aging, Defendant Osborne's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific.

34.     Defendant Osborne is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant Osborne's negligence and recklessness.

### COUNT II – Statutory Violations of Defendant Osborne

35.     Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

36.     Defendant Osborne's actions/inactions, as described above, violated West Virginia statutes enacted for the safety of the traveling public; therefore, Defendant Osborne is *prima facie* negligent pursuant to W.Va. Code § 55-7-9 and the common law.

37.     The roadway safety statutes violated by Defendant Osborne include, but are not necessarily limited to, W.Va. Code §17C-7-10 (following too closely); W.Va. Code § 17C-6-1 (driving at a speed greater than reasonable under given conditions and circumstances); and, W.Va. Code § 17C-5-3 (reckless driving).

38.     As a direct and proximate result of Defendant Osborne's negligence, recklessness, and statutory violations, Plaintiff suffered serious injuries and harm, including, but not limited to, personal injury and economic damage, both general and specific.

### COUNT III – Respondeat Superior/Vicarious Liability of Defendant Committee on Aging

39.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

40.     Defendant Osborne, at all times relevant to this Complaint, was acting in the course and scope of his employment and/or agency with Defendant Committee on Aging.

41.     Defendant Osborne, at all times relevant to this Complaint, was furthering the business interests of Defendant Committee on Aging.

42.     Defendant Committee on Aging is liable under the doctrine of *respondeat superior*, the rules of agency, and any other applicable theory of vicarious liability for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Osborne on December 10, 2020, which are described above and were committed within the course and scope of his agency or employment with Defendant Committee on Aging.

43.     As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein.

44.     Alone or in conjunction with the negligence and recklessness of Defendant Osborne, Defendant Committee on Aging's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific.

45.     Defendant Committee on Aging is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant Osborne's negligence and recklessness and/or their own independent negligence and recklessness.

## COUNT IV – Negligence of Defendant Committee on Aging

46.     Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

47.     As an employer, Defendant Committee on Aging is also independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Osborne in connection with his operation of a motor vehicle and for otherwise failing to act as a reasonable and prudent employer would under the same or similar circumstances.

48.     Upon information and belief, Defendant Committee on Aging failed to properly inspect, maintain, service, or repair the van Defendant Osborne was driving.

49.     Upon information and belief, Defendant Committee on Aging failed to properly train, monitor, and/or supervise Defendant Osborne in order to ensure that he would not operate the van in a negligent and reckless manner.

50.     As an employer and motor carrier, Defendant Committee on Aging had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, West Virginia law, and industry standards including the duty to properly qualify Defendant Osborne, the duty to properly train Defendant Osborne, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles.

51.     Defendant Committee on Aging was independently negligent and reckless in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety

Regulations, other federal law and regulations, West Virginia law, and industry standards.

52.     On the date of the incident described herein, Defendant Osborne was operating the motor vehicle with the permission of, and under the authority of, Defendant Committee on Aging.

53.     As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein.

54.     Alone or in conjunction with the negligence and recklessness of Defendant Osborne, Defendant Committee on Aging's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific.

55.     Defendant Committee on Aging is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant Osborne's negligence and recklessness and/or their own independent negligence and recklessness.

<u>COUNT V – Punitive Damages</u>
<u>Defendant Osborne and Defendant Committee on Aging</u>

56.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

57.     The conduct alleged herein against Defendant Committee on Aging and Defendant Osborne caused the crash described herein, which in turn caused the injuries to Plaintiff.

58.     Defendant Committee on Aging and Defendant Osborne acted in a negligent, grossly negligent, careless, and reckless manner, which proximately caused the injuries to Plaintiff.

59.     The actions of Defendant Committee on Aging and Defendant Osborne, as alleged herein, evidence a conscious disregard for the rights and safety of other persons, having a great possibility of causing substantial harm.

60.     The conduct of Defendant Committee on Aging and Defendant Osborne, as alleged herein, entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff Hommy Rosa seeks relief from the Defendants as follows:

A.     Compensatory damages, for medical expenses, loss of economic opportunity and income, loss of household services and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

B.     General damages, for pain, suffering, loss of enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

C.     Attorney's fees, costs and expenses incurred in the prosecution of this claim;

D.     Pre-judgment and post-judgment interest as permitted by law;

E.     Punitive damages, to the extent that the same are supported by the facts of this case as this matter proceeds in discovery; and,

F.      Such other relief, available at law or in equity, and that is deemed

appropriate as this matter matures for trial.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Dated this 21st day of September 2022.

Plaintiff, Hommy Rosa, by Counsel,

/s/ Douglas R. Miley

_____

Douglas R. Miley, Esq.
(W.V. State Bar I.D. No. 10611)
**THE MILEY LEGAL GROUP, PLLC**
229 West Main Street, Suite 400
Clarksburg, WV 26301
(304) 326-1800 – phone
(304) 326-1801 – facsimile
dmiley@mileylegal.com