UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HOMMY ROSA, and,
AMY BESS

        Plaintiffs,

v.                                                                              CIVIL ACTION NO.  5:22-cv-00403

GREENBRIER COUNTY COMMITTEE
ON AGING, INC., JOHN DOE I, and
TIMOTHY OSBORNE,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are (1) Defendants Greenbrier County Committee On Aging, Inc., ("GCCOA") and Timothy Osborne's Motion for Summary Judgment [ECF 29], filed October 25, 2023; (2) Plaintiffs' Motion to Dismiss Claims Against Defendant GCCOA Pursuant to F.R.C.P 41(a)(2) [ECF 31], filed November 13, 2023; and (3) Plaintiffs' Memorandum In Opposition to Defendants' Motion for Summary Judgment or Alternatively Motion for Continuance to Conduct Discovery Pursuant to F.R.C.P. 56(d) [ECF 32], filed November 13, 2023.

**I.**

As a threshold matter, pursuant to the Court's September 12, 2023, Order, discovery is not set to conclude in this case until April 29, 2024, and the deadline for dispositive motions is May 20, 2024. [ECF 22]. Nonetheless, Defendants GCCOA and Mr. Osborne have moved for summary judgment nearly seven months early on the ground that they are both immune

from liability under West Virginia law.

Plaintiffs do not dispute that GCCOA is immune from liability as evidenced by their Motion for Voluntary Dismissal pursuant to *Federal Rule of Civil Procedure* 41(a)(2) as to their claims asserted against GCCOA. Plaintiffs also note the same in their untimely response to Defendants' Motion for Summary Judgment. [*See* ECF 32 at 2-3 ("When this action was instituted, Plaintiffs did not have possession of any documentation relevant to the issue of whether Defendant [GCCOA] was a political subdivision as defined by West Virginia law. Documentation relevant to this issue was attached to Defendants Motion for Summary Judgment. Upon review of the same, Plaintiffs are so moving to dismiss their claims against this Defendant.")]. Plaintiffs, however, oppose summary judgment as to Mr. Osborne at this stage of the proceedings.

Rule 41(a)(2) provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendants have not directly responded to Plaintiffs' Rule 41(a)(2) Motion, aside from noting the filing thereof in their reply to Plaintiffs' response in opposition. [*See* ECF 35 at 2]. Therein, Defendants "respectfully request that [the] claims be dismissed against the [GCCOA] by this Court." [*Id.*]. The Court thus presumes Defendant GCCOA does not request any specific conditions to its dismissal under Rule 41(a)(2).

II.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) [**ECF 31**] as to Defendant GCCOA. Inasmuch as Defendants' Motion

for Summary Judgment [**ECF 29**] is premature at this stage, the Court **DENIES** the same **WITHOUT PREJUDICE**, subject to refiling after the close of discovery, and **DENIES AS MOOT** Plaintiffs' Alternative Motion [**ECF 32**] for Continuance to Conduct Discovery Pursuant to F.R.C.P. 56(d).

The Clerk is directed to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 19, 2023



Frank W. Volk
United States District Judge