UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HOMMY ROSA and AMY BESS,

    Plaintiffs,

v.                     CIVIL ACTION NOS. 5:22-cv-00403 (Lead)
                                                   5:22-cv-00404 (Consolidated)

JOHN DOE I[1], and
TIMOTHY OSBORNE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending in this consolidated case is Defendant Timothy Osborne's Motion for Summary Judgment [ECF 45], filed May 20, 2024. Plaintiffs Hommy Rosa and Amy Bess responded in opposition [ECF 47] on June 3, 2024, to which Defendant Osborne replied [ECF 48] on June 10, 2024.

**I.**

*A.*    *Facts and Procedural History*

Plaintiffs Hommy Rosa and Amy Bass commenced this action against Defendants Greenbrier County Committee on Aging, Inc. ("GCCOA"), John Doe I, and Timothy Osborne.

---

[1] Plaintiffs' complaints allege John Doe I is an unidentified person or entity "which was, or may have been, the true employer and/or principal" of Mr. Osborne and would be identified through discovery and formal amendment should the same be necessary. [ECF 1 ¶¶ 5,6]. Our Court of Appeals has permitted designation of Doe defendants where "the true identity of an unnamed party can be discovered through discovery or through intervention by the court . . ." *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982); *see also Attkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019). Plaintiffs have had ample time to discover, disclose the identity of, and serve John Doe I. Inasmuch as judgment cannot be entered against an unnamed defendant, John Doe I is **DISMISSED WITHOUT PREJUDICE**.

The parties are diverse, and their dispute exceeds the jurisdictional minimum.

Mr. Osborne was employed by GCCOA. On December 10, 2020, he was driving on a work errand on Route 60 near Crawley. [ECF 1 ¶ 9]. The weather was clear and sunny. The road was straight with a slight decline. Mr. Osborne admits he became distracted while looking away from the road. Regrettably, Mr. Rosa and Ms. Bess' car was stopped on Route 60 attempting a left turn. [*Id.* ¶ 13]. Mr. Osborne struck them from behind [*Id.* ¶¶ 12,16, 17]. It is agreed there was reasonable distance between the vehicles prior to the collision. The police report includes a section entitled "Crash Avoidance Maneuver;" it is marked "none evident or reported." [ECF 32-1]. The police report included the following boxes available for selection: (1) Braking – Skidmarks Evident; (2) Braking - Driver Stated; (3) Braking – Other Evidence; (4) Steering – Evidence or Stated; (5) Steering and Braking. None were checked by the responding officer.

Mr. Rosa and Ms. Bess' complaints include the following claims against Mr. Osborne: (1) Negligence and Recklessness ("Count One"), (2) Roadway Safety Statutory Violations ("Count Two"), and (3) Punitive Damages ("Count Five"). [ECF 1].

On May 20, 2024, Mr. Osborne moved for summary judgment. He contends he is entitled to employee immunity under the West Virginia Governmental Tort Claims and Insurance Reform Act. Mr. Rosa and Ms. Bess reject his contention.

## II.

### A. *Governing Standards and Analysis*

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving

party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc*., 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); see *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

The Governmental Tort Claims and Insurance Reform Act provides certain immunities as follows:

> (a) A political subdivision is immune from liability if a loss or claim results from: . . . (11) Any claim covered by any workers' compensation law or any employer's liability law; . . .
>
> (b) An employee of a political subdivision is immune from liability unless one of the following applies: (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code. § 29-12-A-5(a)-(b). GCCOA was voluntarily dismissed under subdivision (a). It is undisputed Mr. Osborne, as a GCCOA employee, qualifies potentially for immunity under

subdivision (b).² It is disputed, however, whether his actions qualify as "wanton or reckless."

The Supreme Court of Appeals of West Virginia has long construed the subject terms as follows:

> As noted by the appellees, in *Cline v. Joy Manufacturing Co.*, 172 W.Va. 769, 772 n. 6, 310 S.E.2d 835, 838 n. 6 (1983), we quoted with approval the following language found in W. Prosser, *Handbook of the Law of Torts* 185 (4th ed.1971):
>
>> The usual meaning assigned to willful, wanton or reckless, according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences, amounting almost to willingness that they shall follow; and it has been said that this is indispensable.

*Holsten v. Massey,* 200 W. Va. 775, 788, 490 S.E.2d 864, 877 (1997) (cleaned up).

Mr. Osborne offers, *inter alia*, four facts in tension with a "wanton or reckless" finding. He asserts he (1) was not speeding, (2) was not following too closely, (3) was not on his mobile phone, and (4) applied his brakes but could not stop. Plaintiffs respond, *inter alia*, they were stopped (1) on a straight road, (2) with a slight decline, (3) on a clear day with excellent driving conditions. They add Mr. Osborne's attention was inexplicably elsewhere and he took no avoidance maneuvers.

The parties additionally cite inapposite cases. The dispute reduced to its essence, however, gives rise to a factual dispute regarding the reason for Mr. Osborne's distracted attention, the timing thereof, and his putative lack of avoidance maneuvers. The jury will necessarily be required to consider the taking of certain inferences in resolving the matters. These necessary

---

²To the extent Mr. Osborne asserts he is entitled to immunity as a matter of law under Section 29-12-A-5(a)(11), such contention is meritless. [ECF 48 at 1-3]. The statutory text makes plain Section 29-12-A-5(a)(11) is applicable only to political subdivisions, not their employees.

factual adjudications thus preclude judgment as a matter of law. Once the disputes are resolved via special interrogatories, however, the Court may be equipped to accord immunity. The case will proceed to trial as scheduled.

### III.

Based on the foregoing discussion, Mr. Osborne's Motion for Summary Judgment [**ECF 45**] is **DENIED**.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 30, 2024

Frank W. Volk
United States District Judge